# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LOUISE GAINEY | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Civil Action No. |
| v. | : | _____ |
| | : | |
| CHRONIC PAIN CLINICS OF AMERICA, LLC, | : | Jury Trial Demanded |
| | : | |
| and | : | |
| | : | |
| GARY S. STUDENIC, MD (Individually), | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Louise Gainey ("Plaintiff" or "Gainey"), by and through the undersigned counsel of record, and files this Complaint for Damages against Defendants Chronic Pain Clinics of America, LLC ("Chronic Pain Clinics") and Dr. Gary S. Studenic ("Studenic") (collectively "Defendants"), showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* ("FLSA"), to recover (1) unpaid, federally mandated overtime wages owed to Plaintiff and liquidated damages in an amount equal thereto; and (2) reasonable attorneys' fees and costs. Plaintiff also brings state law claims for (1) breach of contract; (2) unjust enrichment; and (3) quantum meruit.

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 on the grounds that this action arises under the FLSA, 29 U.S.C. § 201 *et seq.* In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

Venue in this district and division is proper under 28 U.S.C. § 1391, as Defendant maintains a place of business in the Northern District of Georgia, Atlanta Division, and a majority of the activities giving rise to Plaintiff's claims transpired in this district and division.

## **PARTIES**

4.

Plaintiff Louise Gainey is a citizen of the United States entitled to bring actions of this nature and type. Plaintiff is a resident of the State of Georgia and subject to the jurisdiction of this Court.

5.

At all times relevant to this action, Plaintiff was an employee of Defendants. Plaintiff performed non-exempt work for Defendants within the last three (3) years.

6.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

7.

Defendant Chronic Pain Clinics is qualified and licensed to do business in the State of Georgia and at all times material hereto has conducted business within this District.

8.

Defendant Chronic Pain Clinics is an employer within the meaning of the FLSA 29 U.S.C. § 203(d).

9.

Defendant Chronic Pain Clinics maintains its principal office at 2101 Bill Murdock Road, Marietta, GA, 30062 and is subject to the jurisdiction of this Court. Defendant may be served by delivering process to its Registered Agent, Dr. Gary S. Studenic, at said address.

10.

Defendant Studenic is an employer within the meaning of the FLSA 29 U.S.C. § 203(d).

11.

Defendant Studenic maintains an office at 2101 Bill Murdock Road, Marietta, GA, 30062 and is subject to the jurisdiction of this Court. Defendant Studenic may be served by delivering process at said address.

## **STATEMENT OF FACTS**

12.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

13.

Defendant Chronic Pain Clinics is a medical care provider specializing in the treatment of chronic pain. Defendant Studenic is a licensed chiropractor and owner and President of Chronic Pain Clinics.

14.

Plaintiff was employed by Defendants as a medical assistant from October of 2009 until January 11, 2017.

15.

Plaintiff was not paid on a salary basis but instead received compensation at a rate of $16.50 per hour.

16.

While employed by Defendants, Plaintiff's work schedule was controlled by her direct supervisor, Gary Studenic. In his role as supervisor, Studenic was responsible for hiring Plaintiff, instructing and directing her as to her job duties and performance, dictating her schedule, and setting the terms and conditions of her employment.

17.

Defendants routinely required Plaintiff to work hours in excess of forty (40) hours per workweek but failed to compensate Plaintiff at the federally-mandated rate of one and one-half times her regular rate of pay for those hours.

18.

In addition, Plaintiff was routinely subjected to rude, offensive, and disparaging comments by Defendant Studenic.

19.

Studenic often downgraded Plaintiff's work, repeatedly asking her "are you dumb," or "are you stupid?". Studenic also took issue with Plaintiff's typing abilities and frequently accused Plaintiff of being dyslexic.

20.

Studenic would frequently make negative remarks about the condition of Plaintiff's workspace, telling her she was working "like a pig in slop."

21.

On January 11, 2007, Defendants terminated Plaintiff's employment.

22.

As reason for his decision to terminate Plaintiff, Defendant Studenic explained that it was his belief that Plaintiff was dyslexic and could not type.

## COUNT I
## FLSA VIOLATION – 29 U.S.C. § 207(A)(1)

23.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

During the relevant statutory period, Plaintiff was employed by Defendants.

24.

Plaintiff provided services as a medical assistant to Defendants.

25.

Plaintiff was regularly required to work more than forty (40) hours per workweek.

26.

Defendants actions, policies, and/or practices described herein violate the FLSA, 29 U.S.C. § 207, by failing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per workweek.

27.

Defendant failed to accurately report, record, and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA.

28.

Defendant's conduct was willful and in bad faith.

29.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff seeks to recover the unpaid overtime wage differential, liquidated damages in an amount equal thereto, reasonable attorneys' fees, and the costs of this litigation.

## COUNT II
## BREACH OF CONTRACT

30.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

31.

Plaintiff and Defendants agreed to enter into an employment relationship whereby Plaintiff would provide services as a medical assistant to Defendants.

32.

In exchange for Plaintiff's services as a medical assistant, Defendants agreed to compensate Plaintiff at a rate of $16.50 per hour for all hours worked up to forty (40) hours per workweek. Defendants also agreed to pay Plaintiff federally-mandated overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

33.

Defendants breached said agreement by regularly requiring Plaintiff to work in excess of forty (40) hours per workweek while failing to pay Plaintiff federally-

mandated overtime wages at a rate of one and one-half times her regular rate of pay.

34.

As the direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT III
## UNJUST ENRICHMENT

35.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

36.

Defendants induced Plaintiff to provide her services as a medical assistant.

37.

Defendants received the benefits of the services provided by Plaintiff; services for which Defendants are obligated to provide adequate overtime compensation. Defendants failed to provide adequate overtime compensation and as such were unjustly enriched at Plaintiff's expense.

38.

As a direct and proximate result of Defendants' failure to properly compensate Plaintiff for her services, Plaintiff has suffered damages in an amount to be determined at trial.

## COUNT IV
## QUANTUM MERUIT

39.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as if fully restated herein.

40.

Plaintiff conferred a valuable benefit upon Defendants by routinely working in excess of forty (40) hours per workweek at Defendants' request.

41.

Defendants had knowledge of and accepted the benefit conferred by Plaintiff's working overtime hours.

42.

Defendants refused to pay Plaintiff federally-mandated overtime wages at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

43.

Defendants unjustly retained the benefit of Plaintiff's overtime work without properly compensating her for all hours worked on Defendants' behalf.

44.

As a direct and proximate result of Defendants' failure to properly compensate Plaintiff for her services, Plaintiff has suffered damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Enter judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages for the relevant statutory period pursuant to the FLSA;

(2) Award liquidated damages in an additional amount equal thereto;

(3) Award attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

(4) Grant a trial by jury as to all issues;

(5) Award prejudgment interest on any award made by the jury as required by law;

(6) Grant declaratory judgment that Defendants violated Plaintiff's statutory rights; and

(7) Any and all such further relief that this Court of the trier of fact deems equitable and just.

Respectfully submitted this 31st day of January, 2017.

                MOLDEN LAW, LLC

                **/s/ Regina S. Molden**
                Regina S. Molden
                Georgia Bar No. 515454
                Peachtree Center – Harris Tower
                233 Peachtree Street, NE, Suite 1245
                Atlanta, GA 30303
                Telephone: 404-324-4500
                Facsimile: 404-324-4501
                Email: rmolden@moldenlaw.com
                ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

**/s/ Regina S. Molden**
Regina S. Molden
Georgia Bar No. 515454